UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:

PREFERRED CAPITAL FUNDING OF )
NEVADA, LLC, )
)
)
)
)
      Plaintiffs, )
) Case No.: 1:19-cv-06245
v. )
) JURY DEMAND
PHILLIP TIMOTHY HOWARD, )
JEFF KAHN, ) Damages: $5,843,354.20 plus punitive
HOWARD & ASSOCIATES, P.A. )
)
      Defendant. )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' F.R.C.P. 12(B)(6) MOTION TO DISMISS, MOTION FOR A MORE DEFINITE STATEMENT, AND MOTION TO STRIKE**

Plaintiff, Preferred Capital Funding of Nevada, LLC, ("PCF") by and through its attorneys, Grogan, Hesse & Uditsky, P.C., hereby file this Response in Opposition to Defendants, Phillip Timothy Howard ("Howard"), and Howard & Associates, P.A. ("the Firm"), Motion to Dismiss, Motion for a More Definite Statement and Motion to Strike, states as follows:

    **I.    DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED**

    **A.  LEGAL STANDARD**

In considering a Motion to Dismiss, the Court should presume that all allegations stated in a plaintiff's complaint are true, even if doubtful of fact. *Bell Atl. Corp. v. Twombly,* 50 U.S.

544, 555 (2007). Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "a short and plain statement of the claim" that demonstrates why the plaintiff is "entitled to relief." F.R.C.P. 8(a)(2). Put another way, Rule 8(a)(2) does not require a complaint to set out in detail all of the facts on which the plaintiff bases his claim. *Conley v. Gibson*, 355 U.S. 41, 47 (1975); *Alpert v. Altheimer and Gray,* 257 F.3d 680 (7th Cir. 2001). Rather, a complaint is sufficient so long as it provides the defendant with "fair notice of the claims asserted against him" and enough information to answer the complaint and prepare for trial. *McCormick v. City of Chicago,* 230 F.3d 319 (7th Cir. 2000). Accordingly, a defendant carries a heavy burden when attempting to have a complaint dismissed. *Manning v. Miller*, 355 F.3d 1028 (7th Cir. 2004).

## B. ARGUMENT

### 1. PLAINTIFF HAS STANDING

To confer standing, an injury must be "particularized," meaning that it must affect plaintiff in a personal and individual way. U.S.C.A. Const. Art. 3, § 2, cl. 1. *County of Cook v. HSBC N. Am. Holdings Inc.*, 136 F. Supp. 3d 952, 958 (N.D. Ill. 2015). A motion to dismiss for lack of standing should not be granted unless there are no set of facts consistent with the complaint's allegations that could establish standing. *Id.* at 958.

In this matter, Plaintiff has standing because it suffered particularized harm as a result of the Defendants' fraudulent conduct. Namely, the Plaintiff suffered significant monetary losses by issuing loans to NFL Clients under false pretenses provided by Howard and the Firm. (Dkt. No. 1 at ¶59). Moreover, PCF continued to engage in issuing loans to the NFL Clients of Howard and the Firm due to their continued misrepresentations about the NFL Clients' claims. (Dkt. No. 1 at ¶56).

Defendant contends that Plaintiff has no standing to sue because there was no contract between the parties. However, the elements of fraud do not require a contract as would a breach of contract claim. Although further discovery will demonstrate that there was a contract between Plaintiff and Defendants (in the form of an Acknowledgment of Assignment of Proceeds), this fact is not central to the claim at this stage in the proceedings. It is evident from the facts alleged that the Plaintiff was harmed by the conduct of the Defendants and as such has standing.

## 2. THE COURT HAS PERSONAL JURISDICTION OVER DEFENDANTS

### A. THE PROPER LEGAL ENTITY WAS SERVED

"Under Illinois law, misnomer provision, which allows plaintiff to correct defendant's name, applies only when right defendant has been sued by wrong name, not when wrong defendant has been sued." S.H.A. 735 ILCS 5/2–401(b); *Arendt v. Vetta Sports, Inc.,* 99 F.3d 231 (7th Cir. 1996).

As the sole basis for lack of personal jurisdiction, defendant asserts that Howard & Associates, P.A. does not exist. This is not an issue of personal jurisdiction as set forth by Defendant, but instead is merely a scrivener's error. Additionally, Defendant fails to provide any affidavit or any documentary evidence to support such a contention. Moreover, a review of the Florida Division of Corporations (public records) demonstrates that "Howard & Associates, Attorneys at Law, P.A." does exist and lists Timothy Howard as its registered agent. *See* attached as **Exhibit A**, Corporate Record Search Result. Timothy Howard, as registered agent, was served in this matter. *See* Affidavit of Service attached as **Exhibit B**. Therefore, if the proper legal entity is Howard & Associates, Attorneys at Law, P.A. as opposed to Howard & Associate, P.A., then a misnomer has occurred pursuant to Illinois law. In this case, there is no question that the

correct party was served. Therefore, the Court should grant the Plaintiff the right to amend the scrivener's error and deny

### 3. DEFENDANT HAS FAILED TO DEMONSTRATE IMPROPER VENUE

Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is "wrong" or "improper." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 134 S. Ct. 568, 573, (2013). Statute governing "venue generally" ensures that so long as a federal court has personal jurisdiction over the defendant, venue will always lie somewhere. *Id.* at 573.

In this case, Defendant states only, "Defendants are residents of Florida and New Jersey, and Plaintiff is a Nevada Company. Proper venue is not in Illinois." Defendants do not indicate where a proper venue would be nor do they request a change in venue. In the case at bar, venue was selected in the location that was central to the allegations of the Complaint, in the location where the underwriting of all the loans at issue. (Dkt. No. 1 at ¶¶1,6). PCF is an LLC owned by Preferred Capital of Illinois, LLC with its principal place of business in Chicago, Illinois. (Dkt. No. 1 at ¶¶1,6). Moreover, the employees of PCF who received communications from the Defendants, who are vitally important witnesses to the Plaintiff's case, are located in Chicago, Illinois. Therefore, venue is proper and Defendants' Motion should be denied.

### 4. THE COMPLAINT STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A defendant's Rule 12(b)(6) motion, should only be granted if the defendant can show that the allegations of the complaint, when considered in a light most favorable to the plaintiff, fail to state a cause of action upon which relief can be granted. *Chavez v. Illinois State Police*, 251 F.3d 612 (7th Cir. 2001). Accordingly, Defendant's Rule 12(b)(6) Motion can only be granted if, after construing all facts and reasonable inferences found in Plaintiff's complaints in a

light most favorable to Plaintiffs, the Defendant can prove that no set of facts exist that would entitle Plaintiffs to relief. *Id.* Moreover, specifically with respect to fraud claims, Plaintiff need not allege evidentiary details that will be used to support the claim at a later date. They need only set forth the basic outline of the scheme, who made what misrepresentations and the general time and place of such misrepresentations. *Flournoy v. Peyson,* 701 F. Supp. 1370, 1374 (N.D. Ill. 1988).

In the case at bar, the Complaint was drafted adequately to provide the Defendant of the fraud claim being brought forth. The essence of the Complaint is that Howard and the Firm engaged in a fraudulent scheme to bring in former NFL players to apply for NFL Concussion Settlement Claim ("the Settlement") proceeds, enticing them with promises of upfront cash to be provided by PCF in the form of the loan. (Dkt. No. 1 at ¶¶49-59). The money received by the players was then "invested" by Howard and the Firm in a bogus investment scheme to which Howard benefitted personally. (Dkt. No. 1 at ¶¶34-39,41) PCF relied upon Howard and the Firm to provide medical reports to substantiate NFL settlement guidelines. (Dkt. No. 1 at ¶¶30-32). PCF was assured that the doctors used has proper qualifications and that the testing protocols used by the doctors were NFL Settlement approved. (Dkt. No. 1 at ¶¶11,24-33) Only after providing the loans to the NFL Clients did PCF learn that the NFL Clients cases has been transferred to a new attorney and that a vast majority of the NFL Clients who had taken loans were found by the NFL Settlement Claims Administrator as "Did not Impair" or "Testing Invalid." (Dkt. No. 1 at ¶¶43-48). It is evident that the medical diagnoses that Howard and the Firm provided to PCF were unreliable and that Howard and the Firm knew of such invalidity. (Dkt. No. 1 at ¶¶50-57).

Defendants misstate the nature of the Plaintiff's claims and distort the issues. First, Defendants cite facts that are not alleged in the Complaint or otherwise supported by the pleadings. For instance, Defendants continue to insist throughout the pleadings that "Dr. J. Lucas Koberda is indeed qualified by the NFL Settlement Claims Administrator for both MAF and BAP evaluations," in contradiction to the allegations of the Complaint (Dkt. No. 8 at p. 3, ¶2 and Dkt. No. 1 at ¶30). However, even if Defendants refute that Dr. Koberda is and *was* MAF certified at the time of the representations to PCF, it does not negate the fact that Dr. Koberda's testing procedures were found to be invalid for NFL Clients. (Dkt. No. 1 at ¶¶43-48). Moreover, the allegations state that Howard and the Firm knowingly referred NFL Clients to PCF knowing that their diagnoses were not valid and then concealed the true status of the NFL Client cases so that PCF would continue to issue more loans (Dkt. No. 1 at ¶¶51-56).

Defendants, in support of their arguments, offer three exhibits which consist of 1) a medical journal article 2) website information page for MAF only Physicians, pages from a website purportedly for Dr. Koberda, and an NFL network provider application and 3) documents purporting to be from NFL Concussion Settlement Website containing statistics. None of these exhibits are supported by affidavit and have no foundation.

In general, materials embraced by the complaint that may be considered on a motion to dismiss for failure to state a claim include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings. Fed. R. Civ. P. 12(b)(6). *Zean v. Fairview Health Services*, 858 F.3d 520 (8th Cir. 2017). Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). The documents offered by Defendants are

not relevant or central to the Complaint and are at best address tangential issues. Therefore, all three exhibits should be stricken or disregarded and Defendants Motion to Dismiss should be denied.

### 5. ALL NECESSARY PARTIES HAVE BEEN INCLUDED BY PLAINTIFF

Dismissal for failure to join indispensable party involves three-step process: court must first determine whether person is necessary to the action and should be joined if possible, and court must then consider issues of personal jurisdiction and indispensability. *Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341 (6th Cir. 1993). Rule on whether a party is indispensable should not be applied in a rigid manner but should be governed by practicalities of individual case, and entire suit should not be dismissed if meaningful relief can still be accorded. Id. at 1345.

In the case at bar, Plaintiff has set forth the fraudulent scheme perpetrated by the Defendants. Dr. Koberda did not make direct misrepresentations to PCF; Defendants did. Defendants may need to include Dr. Koberda if they claim to be innocent with respect to Dr. Koberda's unreliable diagnoses. That decision lays with the Defendants, not with Plaintiff. Defendants contends that "if there is no misrepresentation in his reports, then Plaintiff does not have a valid action." Defendant again misstates the claim. The claim would still be valid if Plaintiff could be prove that Defendants knew Dr. Koberda disregarded necessary testing procedures, but continued to represent that he followed all required procedures. There are a variety of facts and circumstances which would if proven would entitle the Plaintiff to relief. Given the substantial facts demonstrating that Howard and the Firm perpetrated a fraud against PCF, the Motion to Dismiss should be denied.

## II. DEFENDANTS' MOTION FOR DEFINITE STATEMENT SHOULD BE DENIED

### A. LEGAL STANDARD

Rule 12(e) "is designed to strike at unintelligibility, not lack of detail." *Hernandez v. City Wide Insulation of Madison, Inc.,* 2006 U.S. Dist. LEXIS 67518, *2 (E.D.Wis.2006). "The purpose of Rule 12(e) is to 'enable the moving party to prepare a responsive pleading, if one is required, by guaranteeing adequate notice of the opposing claims or contentions.'" *Bukovcan v. Ruh,* 2006 U.S. Dist. LEXIS 94313, *2 (E.D.Wis.2006). "A motion under Rule 12(e) is proper only when the pleading to which it is addressed is so vague that it cannot be responded to." *Hernandez* at *2.

### B. ARGUMENT

In the case at bar, the Complaint filed by PCF provides the Defendant with notice of the claim being brought forth. *See* summary of Complaint's allegations contained in paragraph four (4) above regarding 12(b)(6).

In the case at bar, Defendants claim that a more definite statement is needed because they disagree with facts presented in the Complaint. For instance, the Defendants assert that Dr. Koberda was and is MAF and BAP certified. (Dkt. No 8 at page , ¶¶2). Defendants attach exhibit B consisting of what appears to be a website information page for "MAF only" Physicians, pages from a website for Dr. Koberda, and a NFL network provider application. All of these documents are unverified and speak to matter outside of the pleadings, irrelevant at this stage. In fact, whole paragraphs of the Motion for More Definite Statement contain unsupported facts made the Defendants. (Dkt. No 8 at page 6, ¶¶2-3). However, a motion for definite statement is not the appropriate method to argue facts. The Complaint is neither unintelligible

nor so vague that Defendant is unsure of the allegations. Therefore, Defendants Motion for Definite Statement should be denied with prejudice.

### III. DEFENDANTS' MOTION TO STRIKE SHOULD BE DENIED

#### A. LEGAL STANDARD

Rule 12(f) permits a district court to order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. Pro. Rule 12 (f), See also, *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 493 (N.D. Ill. 2011). A motion to strike is not a mechanism for deciding disputed issues of law or fact, especially where there has been no discovery, and the factual issues on which the motion to strike largely depends are disputed. *Id.* at 493.

#### B. ARGUMENT

In the case at bar, Defendant files a Motion to Strike but then includes the factual arguments it made in both its Motion to Dismiss and Motion for More Definite Statement. The Motion to Strike fails to show how any of the allegations meet the standards of "redundant, immaterial, impertinent, or scandalous," and simply asserts that the Plaintiff's allegations are wrong.

Defendant states that the claims of fraud are logically impossible because "Dr. Koberda was MAF and BAP certified and provided the reports to which PCF relied upon." Again, these asserted facts are alleged only by Defendant in his motion and are supported by documents outside of the pleadings. Therefore, these claims should be disregarded. (*See* above argument MTD). However, the fraud being alleged in the Complaint concerns the misrepresentations made by Howard and the Firm concerning the eligibility of the players for the Settlement, not only relating to the doctors' certifications but also to the medical protocols and procedures used

by such doctors. It is logical to assume that there was some deficiency in the reports provided to PCF, given that the NFL Concussion Claims Administrator has deemed the majority of the medical diagnoses provided to PCF by Howard and the Firm to be Invalid and for players to be found Not Impaired. (Dkt. No. 1 at ¶¶43-48). The Defendants made such representations as a part of a broader scheme so that so that the NFL Clients immediately accessed money which would be then be placed in "investment accounts," which were improperly used for personal and other illegal purposes. (Dkt. No. 1 at ¶¶34-39,41). For all the foregoing reasons, Plaintiff requests that the Motion to Strike be Denied with prejudice.

WHEREFORE, Plaintiff, Preferred Capital Funding of Nevada, LLC, requests that Defendants, Timothy Howard and Howard and Associates, P.C., Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike be denied with prejudice and any and all such further relief as the Court sees fit.

Respectfully submitted,
**PREFERRED CAPITAL FUNDING OF NEVADA, LLC**

By: /s/ Katherine Schoon
One of their attorneys

Amy Galvin Grogan (ARDC#6229364)
Katherine Cannon Schoon (ARDC#6294666)
GROGAN, HESSE & UDITSKY, P.C.
340 W. Butterfield, 2A
Elmhurst, IL 60126
(630) 833-5533
kschoon@ghulaw.com
agrogan@ghulaw.com